## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHELBYZYME LLC, | ) |
| Plaintiff, | ) ) ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| GENZYME CORPORATION, | ) ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Shelbyzyme LLC ("Shelbyzyme"), by and through its undersigned attorneys, for its Complaint against Defendant Genzyme Corporation ("Genzyme"), alleges as follows:

### PARTIES

1. Plaintiff Shelbyzyme is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 41 Linden Terrace, Leonia, New Jersey 07605-1123.

2. Defendant Genzyme is incorporated under the laws of the Commonwealth of Massachusetts, having a principle place of business at 500 Kendall Street, Cambridge, MA 02142.

3. On information and belief, Defendant Genzyme conducts substantial business in the State of Delaware, including marketing and selling pharmaceutical products; maintains a website on the Internet at www.genzyme.com, which is accessible in the State of Delaware; and has infringed, induced infringement, and/or contributorily infringed in the State of Delaware.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original jurisdiction over the patent infringement claims in this action under 28 U.S.C. §§ 1331 and 1338(a).

5.  On information and belief, Defendant Genzyme and others manufacture, use, sell and/or promote pharmaceutical products in the State of Delaware and throughout the United States. On information and belief, Defendant Genzyme engages and has engaged in continuous and systematic contacts with Delaware.

6.  Defendant Genzyme has consented to personal jurisdiction in this District in the matter of *Genentech Inc. v. Genzyme Corporation*, Civil Action No. 01-cv-00168-SLR (D. Del., filed March 13, 2001). Defendant Genzyme has availed itself of the Court in this District in the matters of, *inter alia*, *Genzyme Corporation v. Lupin Ltd. et al.*, Civil Action No. 09-cv-00147-RK and *Genzyme Corporation v. Roxane Laboratories Inc.*, Civil Action No. 09-cv-00567-GMS (D. Del., filed July 31, 2009).

7.  This Court has personal jurisdiction over Defendant Genzyme by virtue of, *inter alia*, the above-mentioned facts.

8.  Venue is established in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

9.  Dr. David Calhoun, Professor of Biochemistry at City University of New York and Dr. George Coppola, formerly a researcher at City University of New York have developed and patented a number of compositions and methods related to the treatment of Fabry disease, including but not limited to the inventions disclosed in U.S. Patent No. 7,011,831 ("the '831 patent"). The '831 patent claims, among other things, a method of treating Fabry disease by

administering the recombinant enzyme α-galactosidase A. A true and correct copy of the '831 patent is attached to this Complaint as Exhibit A. The methods of treating Fabry disease described in the '831 patent claim priority from U.S. Patent Application No. 07/328,421, filed March 24, 1989.

10. Upon information and belief, Defendant Genzyme has an exclusive license to U.S. Patent No. 5,356,804 ("the '804 patent"), filed October 24, 1990, relating to isolation of the recombinant enzyme α-galactosidase A for the treatment of Fabry disease. A true and correct copy of the '804 patent is attached to this Complaint as Exhibit B. Defendant Genzyme and others have infringed, induced infringement, and/or contributorily infringed the patent at issue in this case through the manufacture, use, sale, and/or promotion of a method of treating Fabry disease using recombinant enzyme α-galactosidase A sold under the trade name Fabrazyme®. Upon information and belief, Defendant Genzyme and others manufacture, use, sell, and/or promote drug treatment regimens such as Fabrazyme® throughout the world, including in the State of Delaware.

### COUNT I – PATENT INFRINGEMENT (U.S. PAT. NO. 7,011,831)

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth in this paragraph.

12. Plaintiff is the owner and assignee of United States Patent No. 7,011,831 ("the '831 patent") entitled "Recombinant α-galactosidase A therapy for Fabry disease," a copy of which is attached to this Complaint as Exhibit A. The '831 patent was duly and legally issued by the United States Patent and Trademark Office on March 14, 2006.

13. Defendant Genzyme have been infringing the '831 patent by making, using, selling and promoting a method for the treatment of Fabry disease claimed in the '831 patent. The pharmaceutical composition used in this method of treating Fabry disease is marketed under

3

the trade name Fabrazyme® and has been directly and/or indirectly sold domestically and exported from this country for sale throughout the world.

14. Defendant Genzyme is not licensed or otherwise authorized by Plaintiff Shelbyzyme to perform, contributorily perform and/or induce third parties to perform the method claimed in the '831 patent.

15. Defendant Genzyme's activities render it guilty of infringing one or more claims of the '831 patent under 35 U.S.C. § 271.

16. Upon information and belief, Defendant Genzyme's infringement of the '831 patent has been and continues to be willful since Defendant Genzyme is believed to be aware of the '831 patent and in fact entered into preliminary discussions to license the patent portfolio, which includes the '831 patent, relating to the treatment of Fabry disease.

17. By reason of Defendant Genzyme's infringing activities, Plaintiff Shelbyzyme has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for judgment as follows:

(a) A declaration that U.S. Patent No. 7,011,831 is valid and enforceable;

(b) A declaration that Defendant has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 7,011,831 in violation of 35 U.S.C. § 271;

(c) An award to Plaintiff of all available and legally permissible damages caused by Defendant's infringing acts, but in no event less than a reasonable royalty and prejudgment interest thereon;

(d) A declaration that Defendant's infringing acts amount to willful patent infringement, and on such basis, an award of treble damages pursuant to 35 U.S.C. § 284;

(e) A declaration that this case is exceptional under 35 U.S.C. § 285;

(f) An award to Plaintiff of costs, expenses, pre-judgment and post-judgment interest, and attorneys' fees incurred in bringing and prosecuting this action; and

(g) An award to Plaintiff of such other and further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all matters and issues triable by jury.

OF COUNSEL:

Frederick A. Lorig
Joseph M. Paunovich
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000

Dated: October 14, 2009
937606 / 34933

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Shelbyzyme LLC*