IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHELBYZYME LLC, | ) ) ) | |
| Plaintiff, Counterclaim-Defendant, | ) ) ) | |
| v. | ) ) | C.A. No. 09-768-GMS |
| GENZYME CORPORATION, | ) ) ) | |
| Defendant, Counterclaim-Plaintiff. | ) ) ) | |

## PROTECTIVE ORDER GOVERNING
## CONFIDENTIAL INFORMATION AND MATERIAL

WHEREAS, discovery in the above entitled litigation may involve the disclosure of confidential trade secret, technical know-how, or other confidential or proprietary research, development, commercial, personal, financial information or information furnished in confidence relating to the subject matter of this litigation, regardless of how generated;

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential material, and to protect such confidential material from unauthorized use and further disclosure of such confidential material.

NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and between the parties, through their respective counsel, subject to the approval of the Court, the parties request that the following Protective Order pursuant to Fed. R. Civ. P. 26(c) be entered,

IT IS HEREBY ORDERED THAT:

1.     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order shall govern the handling of all information, electronically stored information, documents,

electronic documents, things, depositions, deposition exhibits, discovery responses, testimony and any other written, recorded or graphic material or information produced or otherwise disclosed by parties and non-parties in this litigation (hereinafter individually and collectively referred to as "Discovery Material"). Any Discovery Material produced by a party or non-party in this litigation may be designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of this Protective Order.

2.      For the purposes of this Protective Order, "Confidential Information" shall be Discovery Material that any party or non-party believes in good faith qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure as non-public confidential, proprietary, commercially sensitive, or trade secret information, whether personal or business related (hereinafter "Confidential Information"). For the purposes of this Protective Order, "Highly Confidential Information" shall be limited to extremely sensitive Confidential Information concerning: (a) financial information generated after March 14, 2007; (b) with regard to Genzyme, research other than research and development of Fabrazyme®; (c) with regard to Shelbyzyme, research information generated after November 23, 2007; and (d) commercial manufacturing processes (hereinafter "Highly Confidential Information"). The designation of Confidential Information as Highly Confidential Information shall be made in good faith and subject to the provisions of Paragraph 20. Absent a specific order by this Court, once designated as "Confidential Information" or "Highly Confidential Information," such designated Discovery Material shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Confidential Information and Highly Confidential Information shall not be disclosed to anyone except as provided herein.

3.     The scope of this Protective Order shall be understood to encompass not only Discovery Material which includes Confidential Information and Highly Confidential Information, but also all excerpts and summaries thereof, as well as testimony and oral conversation related thereto.

4.     The designation of Discovery Material as "Confidential Information" or "Highly Confidential Information" for purposes of this Protective Order shall be made in the following manner:

(a)     in the case of documents, electronic documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential Information" or "Highly Confidential Information" to every page of any document containing Confidential Information or Highly Confidential Information, respectively, at the time such documents are produced or disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the document disclosed and sought to be protected, or in the case of documents or things made available for inspection, by written notice by facsimile or electronic mail to outside counsel for the parties to whom the documents or things were made available for inspection before or within five (5) business days after the date of the inspection; and

(b)     in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that such testimony shall be treated as Confidential Information or Highly Confidential Information; or (ii) by written notice, sent by facsimile or electronic mail to outside counsel for any party who receives a copy of the transcript, within ten (10) business days after receiving a

copy of the final transcript thereof.  In both of the foregoing instances, counsel shall direct the court reporter that the Confidential Information or Highly Confidential Information legend be affixed to all portions of the original and all copies of the transcript containing Confidential Information or Highly Confidential Information, respectively.  In any event, the parties shall treat all deposition and other pretrial and trial testimony as Confidential Information until ten (10) business days after receiving a copy of the final transcript thereof.  Unless so designated, there shall be no duty to treat the transcript as Confidential Information or Highly Confidential Information, unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding, through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

(c)     Each party retains the right to subsequently designate and/or de-designate Discovery Material as Confidential Information and Highly Confidential Information and to require such Discovery Material to be treated in accord with such designation from the date of the designation or de-designation forward.

(d)     Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

(e)     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party or non-party to sanctions.

(f)     If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.     Discovery Material designated as Confidential Information, copies of or extracts therefrom, and compilations and summaries thereof, shall not be disclosed, summarized, described, characterized, given, shown, or otherwise made available or communicated, in whole or in part, to anyone other than the following:

(a)     outside counsel for the parties identified as follows, and any other counsel for the parties made of record in this action:

(1)     For Plaintiff Shelbyzyme LLC:  Quinn Emanuel Urquhart & Sullivan LLP and Potter Anderson & Corroon LLP.

(2)     For Defendant Genzyme, Corp.:  Ropes & Gray LLP and Morris, Nichols, Arsht & Tunnell LLP.

(3)     As used herein, "outside counsel" shall mean attorneys for the respective firms, including supporting personnel such as technical advisors, paralegals, legal secretaries, legal clerks, and litigation and graphics support personnel who work as employees for said outside counsel.

(b)     No more than two (2) in-house attorneys for each of the parties to this litigation, including their supporting personnel, such as paralegals, secretaries, legal clerks, and litigation support employees;

(c)     For Plaintiff Shelbyzyme, LLC: Dr. David Calhoun; for Defendant Genzyme Corp.: Dr. Timothy Edmunds;

(d)      consultants and experts as defined in and pursuant to the provisions of Paragraph 8 herein;

(e)      the Court and those employed by the Court, pursuant to Paragraph 11 herein;

(f)      court reporters, videographers, outside copying, litigation support vendors, interpreters or translators, employed in connection with this litigation;

(g)      graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this litigation;

(h)      non-technical jury or trial consulting service providers retained by counsel for a party;

(i)      the author(s) and all recipients of the document or the original source of the Confidential Information; and

(j)      any other person only upon order of the Court or upon written consent of the party designating the Confidential Information,

Subject to the other provisions of this Protective Order, individuals that fall under Paragraphs 5(c), 5(d) and 5(j), may not be given access to any Discovery Material designated as Confidential Information unless they first complete and sign a copy of an Undertaking in the form attached hereto as Exhibit A confirming their understanding and agreement to abide by the terms of this Protective Order and to submit to the jurisdiction of this Court for matters related to the above-entitled action, including enforcement of this Protective Order.

6.      Discovery Material designated as Highly Confidential Information, copies of or extracts therefrom, and compilations and summaries thereof, shall not be disclosed, summarized,

described, characterized, given, shown, or otherwise made available or communicated, in whole or in part, to anyone other than the following:

(a)     outside counsel for the parties identified as follows, and any other counsel for the parties made of record in this action:

(1)     For Plaintiff Shelbyzyme LLC:   Quinn Emanuel Urquhart & Sullivan LLP and Potter Anderson & Corroon LLP.

(2)     For Defendant Genzyme,Corp.:  Ropes & Gray LLP and Morris, Nichols, Arsht & Tunnell LLP.

(3)     As used herein, "outside counsel" shall mean attorneys for the respective firms, including supporting personnel such as technical advisors, paralegals, legal secretaries, legal clerks, and litigation and graphics support personnel who work as employees for said outside counsel.

(b)     no more than two (2) in-house attorneys for each of the parties to this litigation, including their supporting personnel, such as paralegals, secretaries, legal clerks, and litigation support employees;

(c)     consultants and experts as defined in and pursuant to the provisions of Paragraph 8 herein;

(d)     the Court and those employed by the Court, pursuant to Paragraph 11 herein;

(e)     court reporters, videographers, outside copying, litigation support vendors, interpreters or translators, employed in connection with this litigation;

(f)     graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this litigation;

(g)     non-technical jury or trial consulting service providers retained by counsel for a party;

(h)     the author(s) and all recipients of the document or the original source of the Highly Confidential Information; and

(i)     any other person only upon order of the Court or upon written consent of the party designating the Highly Confidential Information,

Subject to the other provisions of this Protective Order, individuals that fall under Paragraphs 6(b), 6(c) and 6(i), may not be given access to any Discovery Material designated as Highly Confidential Information unless they first complete and sign a copy of an Undertaking in the form attached hereto as Exhibit A confirming their understanding and agreement to abide by the terms of this Protective Order and to submit to the jurisdiction of this Court for matters related to the above-entitled action, including enforcement of this Protective Order.

7.     (a)     The inadvertent or unintentional production of Discovery Material without a Confidential Information or Highly Confidential Information designation shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidential treatment under the terms of this Protective Order.  Any document that initially is produced without bearing a Confidential Information or Highly Confidential Information designation may later be so designated, with respect to future disclosure, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those authorized in Paragraphs 5 or 6 hereof and to prevent further use or disclosure of Confidential Information or Highly Confidential Information contained therein by such persons.

(b)     If during the course of discovery in this litigation information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently or unintentionally disclosed or produced to a party or parties without the permission of a party or non-party entitled to any claim of privilege, work

product or other ground for withholding production, such disclosure or production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which a party or non-party otherwise would be entitled. Upon (i) receiving a claw-back request from any party or non-party pursuant to this Paragraph or (ii) discovery by a receiving party of (a) an inadvertent or unintentional production during the course of discovery in this litigation, or (b) disclosure or production during the course of discovery in this litigation without the permission of a party or non-party otherwise entitled to any claim of privilege, work product or other ground for withholding production, whichever is earlier, and after receiving a description of the general subject matter of the documents from the producing party or non-party, each receiving party shall immediately return the original and all copies of such document(s); not use or disclose the information until the claim of privilege is resolved; destroy all notes, summaries and written material created from or about the document and the information therein; and take reasonable steps to retrieve the document(s) and information disclosed therein if the party disclosed it before being notified of any claim of privilege, work product or other ground for withholding production. The party returning such material may retain a list of the author(s), addressee(s), copy recipient(s) and a description of the general subject matter of the document, provided by the party or non-party claiming the privilege, and may then move the Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or production. This paragraph does not apply to documents or information provided to any party other than during the course of discovery in this litigation; provided, however, that this paragraph shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work

product or any other legal privilege protecting information to which any party or non-party otherwise would be entitled to with respect to documents or information provided to any party or non-party prior to this litigation.

8.     For purposes of this Protective Order, a consultant or expert shall be defined as a person who is neither an employee, agent or representative of a party, nor anticipated to become an employee, agent or representative of a party in the near future, who is not involved in the application or prosecution of patents for the party, and who is retained or employed to assist in the preparation for trial in this litigation, whether full or part time, by or at the direction of counsel for a party.  The procedure for having a consultant or expert approved for access to Discovery Material designated as Confidential Information or Highly Confidential Information under this Protective Order shall be as follows:

(a)     Outside counsel for the party retaining the consultant or expert shall obtain an Undertaking of the consultant or expert, in the form of Exhibit A hereto, to comply with and be bound by the terms of this Protective Order.  Before providing Discovery Material designated Confidential Information or Highly Confidential Information pursuant to this Protective Order to a consultant or expert, the party seeking to disclose the Confidential Information or Highly Confidential Information to the consultant or expert shall, in writing served by facsimile or electronic mail to outside counsel for party that designated the Confidential Information or Highly Confidential Information, with confirmation by overnight courier, identify the consultant or expert and provide (a) an executed Exhibit A, and (b) a written statement setting forth the consultant's or expert's business address, employer, job title, and curriculum vitae, and past or present association with any party, as well as a list of litigation matters for which the consultant

or expert has provided any professional services during the preceding four years, subject to the consultant's or expert's obligations of confidentiality to third parties;

(b)     Five (5) business days following the identification specified in the preceding subparagraph, the identifying party may disclose the Discovery Material designated Confidential Information or Highly Confidential Information under this Protective Order to the identified consultant or expert unless the party receives a written objection to the identification, served by facsimile or electronic mail to outside counsel for the identifying party, setting forth in detail the grounds on which it is based. Failure to object within five (5) business days of the identification shall be deemed a waiver of the objection. If an identifying party receives such an objection within five (5) business days of the identification, the consultant or expert shall be barred from access to any Discovery Material designated Confidential Information or Highly Confidential Information under this Protective Order for ten (10) business days commencing with the receipt by the identifying party of the written objection to disclosing Confidential Information or Highly Confidential Information to the consultant or expert;

(c)     If within ten (10) business days of receipt by the identifying party of the written objection of the opposing party to disclosing Confidential Information or Highly Confidential Information to the consultant or expert, the parties are unable to resolve their differences and the opposing party moves for a further protective order preventing disclosure of Discovery Material designated Confidential Information or Highly Confidential Information under this Protective Order to the identified consultant or expert, then the Discovery Material designated Confidential Information or Highly Confidential Information shall not be provided to said consultant or expert except by further order of the Court. Any such motion by the opposing party must describe the circumstances and reasons for objection, setting forth in detail the

reasons for which the further protective order is reasonably necessary, and assessing the risk of harm that the disclosure would entail. The party opposing the disclosure to said consultant or expert shall bear the burden of proving that the intended disclosure should not occur.

9.      Any person may be examined as a witness at a hearing or trial or during a deposition concerning any Confidential Information or Highly Confidential Information which that person had authored or lawfully received prior to or apart from this lawsuit. During examination, any such witness may be shown Confidential Information or Highly Confidential Information which appears on its face or from other documents or testimony to have been authored by that witness or received by or communicated to that witness. Testifying expert witnesses who have been qualified to receive Confidential Information or Highly Confidential Information pursuant to Paragraph 8 of this Protective Order may be examined using any Confidential Information or Highly Confidential Information, but there shall be no discovery relating to non-testifying experts or consultants.

10.      Draft reports or disclosures and communications between a party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) are discoverable only in accordance with the proposed amendments to Federal Rules of Civil Procedure 26(b)(4)(B) and 26(b)(4)(C), which are scheduled to take effect on December 1, 2010 but which shall govern as of the filing date of this lawsuit.

11.      Discovery Material designated Confidential Information or Highly Confidential Information may be filed with or presented to this Court, or may be included in briefs, memoranda or other papers filed with this Court, provided that they shall be filed under seal in accordance with the Local Rules of the Court and the United States District Court for the District of Delaware. In the event that any Confidential Information or Highly Confidential Information

is used in any court proceeding in this action or any appeal therefrom, said Confidential Information or Highly Confidential Information shall not lose its status as Confidential Information or Highly Confidential Information through such use.

12.     Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any particular Confidential Information or Highly Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

(b)     operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Highly Confidential Information;

(c)     prejudice in any way the rights of the parties to object to the production or use in evidence of Discovery Material they consider not subject to discovery;

(d)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e)     prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

(f)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(g)     prevent the parties subject to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

13.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential Information or Highly Confidential Information obtained lawfully by such party independently of any proceedings in this action, or which:

(a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party or non-party in this action;

(b)     is or becomes publicly known through no fault or act of such party;

(c)     is rightfully received, by such party from a third party which has authority to provide such Confidential Information or Highly Confidential Information and without restriction as to disclosure; or

(d)     is independently developed without reliance upon Confidential Information or Highly Confidential Information.

14.     In the event additional parties join or are joined in this action, they shall not have access to Confidential Information or Highly Confidential Information until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order which is satisfactory to all parties and the Court.

15.     The provisions of this Protective Order shall, absent written agreement of the parties or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) calendar days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information or Highly Confidential Information shall return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or certify that such materials and all copies thereof have been destroyed.  Counsel described in paragraphs 5(a) and 6(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product including court papers, transcripts, and attorney work product that contain Confidential Information or Highly Confidential Information provided that such counsel, and employees of such counsel, shall not disclose any Confidential Information or Highly Confidential Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the party that produced the Confidential Information or Highly Confidential Information.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16.     Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Confidential Information or Highly Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such Confidential Information or Highly Confidential Information.

17.     Nothing in this Protective Order shall prohibit the use of, or reference to, any Confidential Information or Highly Confidential Information in Court, at trial, provided, however, that the party using or planning to use such Confidential Information or Highly

Confidential Information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure to anyone other than those identified in Paragraphs 5 and 6. Such steps shall include bringing to the Court's attention the intention to disclose Confidential Information or Highly Confidential Information in open court and requesting the assistance of the Court in limiting the disclosure to those identified in Paragraphs 5 and 6.

18.     Confidential Information or Highly Confidential Information shall be used solely for purposes of this litigation. The aforementioned term "this litigation" refers to the above captioned Delaware action and any appeals from the action.

19.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to a party and, in the course thereof, relying generally on their examination of Confidential Information or Highly Confidential Information; provided, however, that in rendering such advice and otherwise communicating with the party, counsel shall not reveal the substance of any designated Confidential Information or Highly Confidential Information to a person who is not authorized to receive it pursuant to Paragraphs 5 and 6.

20.     (a)     If a receiving party or its counsel determines, that in order for counsel to render advice to the receiving party it will be necessary to provide access to Discovery Material designated Confidential Information or Highly Confidential Information to a person not authorized to received it under Paragraph 5 or 6, outside counsel for the receiving party shall provide to the designating party or non-party written notice that will include (i) identification of the person, including an Undertaking in the form attached hereto as Exhibit A executed by the person to whom access to the designated Confidential or Highly Confidential Information is desired, unless the person has already executed an Undertaking, and (ii) identification of each item of Discovery Material designated Confidential or Highly Confidential to which access is

requested.   The parties shall attempt to resolve each request in good faith and must begin the

process by meeting and conferring directly (in voice to voice dialogue; other forms of

communication are not sufficient) within 10 days of the date of service of notice.   In conferring,

the receiving party must explain the basis for its belief that the Confidential Information or

Highly Confidential Information designation should not apply to the designated Discovery

Material with respect to the person to whom access is requested, and must give the designating

party or non-party an opportunity to review the designated Discovery Material, to reconsider the

circumstances, and, if the party or non-party is unwilling to grant the requesting party access to

the designated Discovery Material, to explain the basis for its refusal.

(b)   If the parties cannot resolve such a request without court intervention, the

designating party or non-party shall file and serve a motion for a protective order within 21 days

of the initial meet and confer or within 14 days of the parties agreeing that the meet and confer

process will not resolve their dispute, whichever is earlier.   Each such motion must be

accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed in the preceding paragraph. Failure by the designating party or

non-party to make such a motion including the required declaration within 21 days (or 14 days, if

applicable) shall automatically waive the Confidential Information or Highly Confidential

Information designation solely with respect to the person to whom access is requested for each

requested exception to the designation.   In addition, the receiving party may file a motion

requesting that a Confidential Information or Highly Confidential Information designation shall

not apply to a person not authorized to receive such Confidential or Highly Confidential

Information at any time if there is good cause for doing so, provided that the motion is

accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed in the preceding paragraph. If the receiving party files such a motion within the 21 day (or 14 day, if applicable) time to file motions set forth above, then the failure of the designating party or non-party to file a motion for a protective order shall not be deemed a waiver of the Confidential or Highly Confidential Information designation. After a party has made five (5) unsuccessful requests pursuant to this paragraph for access to Discovery Material designated Confidential or Highly Confidential, the burden of filing a motion pursuant to this subparagraph shall be shifted from the designating party to the requesting party for each additional request.

(c)     The burden of persuasion in any such request proceeding shall be on the designating party or non-party. Refusal to allow access to Discovery Material designated Confidential Information or Highly Confidential Information for an improper purpose  may expose the designating party or non-party to sanctions. Unless the designating party or non-party has waived the confidentiality designation with respect to the person to whom access is requested by failing to file a motion for protective order as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled until the court rules on the request.

21.     In the event that a party wishes to conduct a mock jury trial as part of its trial preparation, the parties agree that such a mock jury trial may be held without notice to the other parties and that Confidential Information or Highly Confidential Information may be disclosed to the mock jurors, under the following procedure. Prospective mock jurors would be apprised of the Protective Order and its contents and prior to disclosure of any Confidential Information or Highly Confidential Information would agree to be bound by its terms, and would sign an Undertaking as set forth in Exhibit A. The parties agree to maintain these executed Undertakings

in their files but shall not be obligated to serve these Undertakings on opposing parties. The parties further agree that no person who has or has had any business relationship with any of the parties, including but not limited to, as a director, officer, employee, independent contractor, consultant, supplier, or joint venture partner shall be permitted to act as a mock trial juror. All Confidential Information or Highly Confidential Information used or disclosed during the mock jury trial shall be otherwise safeguarded according to the terms of this Protective Order. The parties further agree that any such mock jury trial, or any information related to, disclosed during, or derived from such mock jury trial, is absolutely immune from discovery under the attorney work-product doctrine.

22. Nothing in this Protective Order shall preclude any party from seeking further or different relief. The parties may agree that any Discovery Material designated Confidential Information or Highly Confidential Information should be treated in a way different from that described in this Protective Order. Any party may seek appropriate relief from the Court that Discovery Material designated as Confidential Information or Highly Confidential Information is not entitled to such status and protection, after making a good faith effort to resolve any such objection. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The party who made the designation shall bear the burden of showing that the Confidential Information or Highly Confidential Information designation is warranted. While such a motion is pending, the Discovery Material in question shall be treated as Confidential Information or Highly Confidential Information pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality.

23.    In the event that a non-party produces Discovery Material to a party in this litigation that is subject to the Federal Privacy Act, 5 U.S.C. § 552(a), such Discovery Material is produced pursuant to the terms of this Protective Order.

24.    It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

25.    The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

26.    If any party who has received Confidential Information or Highly Confidential Information ("Receiving Party") (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking Discovery Material which was produced or designated as Confidential Information or Highly Confidential Information by a party or non-party other than the Receiving Party, the Receiving Party shall give prompt written notice, by facsimile or electronic mail, within five (5) business days of receipt of such subpoena, demand or legal process, to outside counsel for the party or non-party that produced or designated the Confidential Information or Highly Confidential Information and shall object to its production to the extent permitted by law.  Should the person or entity seeking access to the Confidential Information or Highly Confidential Information take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal

20

process, the Receiving Party shall respond by setting forth the existence of this Protective Order. The designating party shall bear the burdens and the expenses of seeking protection in the court of its Confidential Information or Highly Confidential Information.   Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information or Highly Confidential Information covered by this Protective Order or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

27.    For the avoidance of doubt, in the event that a party or non-party to this action determines that Discovery Material that has been produced or disclosed by any other party or non-party constitutes, contains or reflects Confidential Information or Highly Confidential Information, such party or non-party, even though it is not the party or non-party who produced or disclosed such Discovery Material, shall have the right to designate such Discovery Material as "Confidential Information" or "Highly Confidential Information" by so advising all parties to this action.   In that event, upon receiving such notice, each party shall make appropriate notations upon all copies of such Discovery Material in its possession or under its custody or control and shall treat such Discovery Material consistent with the terms of this Protective Order.

STIPULATED AND AGREED TO this 30th day of November, 2010.


/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
E-mail: rhorwitz@potteranderson.com
E-mail : dmoore@potteranderson.com

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(320) 658-9200
E-mail: jblumenfeld@mnat.com

Frederick A. Lorig
Joseph M. Paunovich
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000

ATTORNEYS FOR PLAINTIFF
SHELBYZYME LLC

James F. Haley, Jr.
Denise L. Loring
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000
E-mail: james.haley@ropesgray.com
E-mail: denise.loring@ropesgray.com

ATTORNEYS FOR DEFENDANT
GENZYME CORPORATION


SO ORDERED:


Dated: _____, 2010      _____
                                 UNITED STATES DISTRICT JUDGE


991441/34933

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHELBYZYME LLC,                      )
                                     )
          Plaintiff,                 )
          Counterclaim-Defendant,    )
                                     )
     v.                              )          C.A. No. 09-768-GMS
                                     )
GENZYME CORPORATION,                 )
                                     )
          Defendant,                 )
          Counterclaim-Plaintiff.    )

UNDERTAKING OF _____

STATE OF          )
                  ) SS:
COUNTY OF         )

I, _____, being duly sworn, state that:

    1.    My present address is _____. My present

employer is _____ and the address of my present

employer is _____. My present occupation is _____

_____.

    2.    I have received a copy of the Protective Order in this action. I have carefully read

and understand the provisions of the Protective Order.

    3.    I will comply with all of the provisions of the Protective Order. I will hold in

confidence, will not disclose to anyone not qualified under the Protective Order, and will use

only for purposes of this action, any CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.