# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHELBYZYME, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 09-768-GMS |
| GENZYME CORPORATION, | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

Defendant Genzyme previously requested, on the basis of the crime-fraud exception, that the court order plaintiff Shelbyzyme to produce certain withheld documents relating to the abandonment and revival of U.S. Patent Application 08/790,491 (the "'491 Application"),[1] which eventually issued as U.S. Patent No. 7,011,831 (the "'831 Patent"). From privilege logs provided by Shelbyzyme, Genzyme identified specific documents from three time periods it sought to be produced.[2]

The court granted in part Genzyme's request, finding Genzyme had met its burden to demonstrate a *prima facie* case of fraud with the respect the third time period and ordered "[t]he plaintiff shall produce *the requested documents* dated between November 2001 and February 2002 that relate to the revival of U.S. Patent Application 08/790,491."[3] Under the heading "DOCUMENTS REQUESTED UNDER THE CRIME-

---

[1] D.I. 201 at 1-2.
[2] *Id.* at 5 (June to October 1999; October 1999 to November 2001; November 2001 to February 2002). Genzyme stated it "attempted to identify the withheld documents based on their descriptions in privilege logs provided by Shelbyzyme." *Id.* at 1 n.1.
[3] D.I. 219 at 3 (emphasis added).

FRAUD EXCEPTION," Genzyme identified specific documents from that time period relating to the revival of the '491 application it requested be produced.[4] In response to the court's order, Shelbyzyme produced one of those documents: a cover letter and an unsigned Declaration of Catherine McGrath ("the 2001 declaration").[5] Shelbyzyme informed Genzyme that the other identified documents had been previously produced or did not relate to the revival of the '491 patent and, therefore, would not be produced.[6]

Genzyme now asks the court to require Shelbyzyme to produce all withheld documents dated between November 2001 to February 2002, relating to the revival of the '491 application, or to confirm that no such documents exist.[7] In light of its review of the 2001 declaration, Genzyme also seeks production of withheld documents, dated between October 1999 and November 2001, relating to the abandonment of the '491 application.[8] Shelbyzyme contends the court's prior order is clear that it was required to produce the documents requested by Genzyme that relate to the revival of the '491 application. The documents identified by Genzyme had either previously been produced, did not relate to the revival of the '491 application, or, in the case of the of the 2001 declaration, was subsequently produced.[9] Shelbyzyme also argues the court has already rejected Genzyme's request for documents between October 1999 and November 2001, relating to the abandonment of the '491 application, and that decision

---

[4] D.I. 201 at 5 n.10.
[5] D.I. 240 at 1-2. In 2001, McGrath was Chief Counsel of the Research Foundation of the City University of New York ("RF-CUNY"). RF-CUNY was the owner of the '491 application at the time it was abandoned and revived. D.I. 201 at 2.
[6] D.I. 240, Ex. B at 2.
[7] *Id.* at 1.
[8] *Id.*
[9] *Id.* at 6.

2

should not be reversed.[10] Shelbyzyme also provided the court with privileged documents from November 2001 to February 2002 that potentially relate to the revival of the '491 application for *in camera* review. It maintains, however, that any such documents were not requested by Genzyme, not subject to the prior briefing to the court or the court's order and, therefore, remain privileged.[11] The court reviewed those materials to determine whether they indicate its prior denial of Genzyme's request to produce withheld documents relating to the abandonment of the '491 application should be revisited.

First, the court agrees that Shelbyzyme has complied with the court's previous order regarding the production of withheld documents. Genzyme's request was for specific documents from three designated time periods. The court denied the request as to the first two time periods and granted production of "the requested documents" in the third time period that related to the revival of the '491 application.[12] Shelbyzyme has produced those requested documents, or explained they did not relate to the revival of the '491 application and, thus, would not be produced. Therefore, Genzyme's request for production of additional documents from that time period is denied.

Having conducted an *in camera* review of the documents provided by Shelbyzyme, the court concludes no information therein prompts the court to reverse its prior denial of production of withheld documents concerning the abandonment of the '491 application. Additionally, the court determines the information and arguments

---

[10] *Id.* at 7-9.
[11] *Id.* at 6.
[12] D.I. 219.

provided with Genzyme's current request, and argument presented by counsel in person, also fail to convince the court to reverse that conclusion.[13]  Consequently, the court denies Genzyme's request that withheld documents concerning the abandonment of the '491 application be produced.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1, any objections to the Memorandum Order shall be filed within fourteen (14) days limited to five (5) pages after being served with the same.  Any response is limited to five (5) pages.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under Fed. R. Civ. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.


Dated:  February 25, 2015                     /s/ Mary Pat Thynge
                                              UNITED STATES MAGISTRATE JUDGE

---

[13] For instance, the evidence before the court is inconclusive as to whether McGrath ever received the 2001 declaration. It is her belief the first time she saw that declaration was in the course of this litigation. D.I. 240, Ex. I at ¶ 3.